IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUZANNE ASBRIDGE,

            Plaintiff,

vs.                                          Case No. 12-CV-1227-CM

KANSAS TURNPIKE AUTHORITY,

            Defendant.

## AGREED PROTECTIVE ORDER

Now on this 19th day of September, 2012, the Court hereby enters a protective order pursuant to Fed.R.Civ.P. 26(c). This case presents a claim alleging a discriminatory demotion in violation of Title VII and the KAAD which may lead to the discovery of personnel files or records of Kansas Turnpike Authority's current or former employees which are ordinarily deemed confidential pursuant to *Berst v. Chipman,* 232 Kan. 180, 190, 653 P.2d 107 (1982). On joint oral motion of the parties and for good cause shown, the Court orders that any such documents produced or disclosed during this litigation shall be used only for purposes of this lawsuit.

The Court further orders:

1.     "Confidential documents" shall include the personnel files and records of the Kansas Turnpike Authority's current and former employees.

2.     That access to "confidential documents" obtained under this Protective Order shall be limited to the parties, their counsel, clerical and staff persons employed by counsel, court reporters (if necessary), expert witnesses, and the Court;

3.     That the use of "confidential documents" shall be restricted to pretrial, trial, and appellate proceedings in this case;

-2-

4. In the event a party wishes to use any information identified as Confidential in any documents filed with the Court, that party shall file a motion seeking leave to file such information under seal. In the event the Court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

Standing Order 07-03[2] provides in part:

[I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically under seal in the filing system. The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal. . . . Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case. If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case. . . the ability to view sealed documents in that case . . . . The filing party shall then file its document(s) electronically under seal.[3]

5. If any party inadvertently discloses privileged information or documents in discovery, whether in electronic form or not, the recipient of the privileged information will return such

---

[1] *See e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D.Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D.Kan. Feb. 17, 2004) (same).

[2] This order is located on the District's website.

[3] *See also* D.Kan.Rule 5.4.6.

-3-

documents or information to the producing party unless and until the claim of privilege, if disputed, is resolved.

6.    That within thirty (30) days after the conclusion of this litigation, all copies of the "confidential documents" produced under this Protective Order shall either be destroyed or returned to the appropriate counsel.

7.    This is not an order for production of any documents and does not constitute a waiver of any objection or privilege by the parties to production of any documents.

8.    Consistent with the Protective Order guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

IT IS SO ORDERED on this 19th day of September, 2012.

/s James P. O'Hara
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE

APPROVED BY:

s/ J. Steven Pigg
J. Steven Pigg        #09213
Attorney for Defendant
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS  66601-0949
Phone number:  (785) 232-7761
Fax number:  (785) 232-6604
Attorney's E-mail address:  spigg@fisherpatterson.com

s/ Randall K. Rathbun
_____
Randall K. Rathbun    #09765
Molly McMurray        #23134
DEPEW GILLEN RATHBUN & McINTEER LC
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Email: randy@depewgillen.com
           molly@depewgillen.com
Attorneys for Plaintiff